UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN R. EVERETT,

    Petitioner,

v.

WARDEN,

    Respondent.

CAUSE NO.: 3:19-CV-477-JD-MGG

OPINION AND ORDER

John R. Everett, a prisoner without a lawyer, filed a 28 U.S.C. § 2254 habeas corpus petition attempting to challenge a prison disciplinary hearing (WCC 18-06-0112) held at the Westville Correctional Facility where the Disciplinary Hearing Officer (DHO) found him guilty of possession of personal information of another person in violation of B-247 on August 23, 2018. As a result, he was sanctioned with the loss of 90 days earned credit time. "Although § 2254 is the appropriate vehicle when prison officials have revoked good-time credits once earned, or lowered a previously established credit-earning classification," Everett is not seeking the return of the 90 days of lost earned time credit that resulted from his finding of guilt. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (citations omitted). Instead, Everett complains that he was improperly transferred from a work release program to Westville Correctional Facility, that he was found guilty as if the offense had occurred at Westville Correctional Facility when it did not, and that the transfer occurred before he was

found guilty. (ECF 1 at 2-3.) He seeks reinstatement of his level 1 status, a return to South Bend Work Release, and monetary compensation. (ECF 1 at 3.)

There is no constitutional liberty or property interest in participation in a work release program. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.")

> *Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990), concluded that the opportunity to be assigned to a work camp in Illinois (a cousin to work release) creates neither a liberty nor a property interest, so that the due process clause of the fourteenth amendment does not apply.

*DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Likewise, "the Indiana work release scheme does not create a protectible [sic] entitlement." *Young v. Hunt*, 507 F. Supp. 785, 789 (N.D. Ind. 1981). A prison or jail does not need a reason to relocate a convicted inmate, nor is a prisoner entitled to due process before he is relocated. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Because Everett was not entitled to due process before he was removed from work release, his allegation that he was denied due process is not a basis for habeas corpus relief.

Moreover, even if he had been entitled to due process, habeas corpus would not be the correct means by which to challenge the transfer.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute

2

authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* … will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-651 (7th Cir. 2000) (citations omitted). *See Graham v. Broglin*, 922 F.3d 379, 381 (7th Cir. 1991)(concluding that challenges to denial of work release must be brought as civil rights action.) Because the revocation of his work release placement did not alter the fact or duration of his confinement, Everett may not challenge this in a habeas corpus action.

For these reasons, the court DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and DIRECTS the clerk CLOSE this case.

SO ORDERED on June 24, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT